IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NOTHERN DIVISION

SANDRA STASHER                                                                  PLAINTIFF

VS.                                      CIVIL ACTION NO.: 3:21-cv-99 HTW-LGI

CITY OF JACKSON, MISSISSIPPI;
CHIEF JAMES DAVIS, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY;
JOHN DOES 1-10



**COMPLAINT**
**(JURY TRIAL DEMANDED)**

COMES NOW, Plaintiff Sandra Stasher, also attorney of record, and files this her Complaint against the Defendants, as follows:

**JURISDICTION AND VENUE**

1. This suit is authorized and instituted pursuant to 42 U.S.C. § 1983 and the 14th Amendment of the United States Constitution. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331.

2. This Court has personal and subject matter jurisdiction over defendants, and venue is Proper.

3. Plaintiff has satisfied administrative conditions prior to the commencement of this action under Title VII, by filing her Charge of Discrimination with the Federal Equal Employment Opportunity Commission (herein after "EEOC"). A true and correct copy of Plaintiff's Charge of Discrimination filed with the EEOC the EEOC's Dismissal and Notice of Rights to Sue are collectively attached hereto as Exhibit "A."

**PARTIES**

4. Plaintiff, Sandra Stasher, is an adult African American female resident of Hinds County, Mississippi.

5. Defendant, City of Jackson, Mississippi, is a municipality in the State of Mississippi and may be served through the City Clerk, Angela Harris, 219 South President Street, Jackson, Mississippi 39205.

6. Defendant James Davis (hereinafter "Davis") is the Chief of Police of Jackson, Mississippi. At all times material herein, Davis was acting within the course and scope of his employment as the Chief of Police of Jackson, Mississippi. Davis may be served with process of this Court by service on him at his business address at 327 East Pascagoula Street, Jackson, Mississippi 39205 and/or wherever else Defendant may be found.

7. In addition to the Defendants identified above, there are Defendants whose identities are presently unknown to Plaintiff. These unknown Defendants are identified as "John Doe" defendants 1-3 pursuant to Federal Rules of Civil Procedure. Every allegation in the Complaint is an allegation and a filing as of this date against each "John doe" Defendant. These Defendants are persons whose identities are unknown at this time; however, they are believed to be employees of Defendant, City of Jackson, Mississippi.

## STATEMENT OF FACTS

8. On June 22, 2018, Plaintiff filed an internal grievance against Davis alleging Sex Discrimination, Retaliation, and Harassment. Such unlawful actions against the Plaintiff occurred over a course of several months and continued after the filing of Plaintiff's grievance. Davis actions resulted in both a hostile work environment and the constructive termination of Plaintiff's nearly 20 years of employment with the City of Jackson Police Department. As required by Civil Service, Plaintiff's grievance was timely filed. The grievance is attached hereto as Exhibit "B."

9. Pursuant to the City of Jackson's Grievance Policy, Plaintiff was to receive an answer

to her grievance within five (5) days of filing. However, Plaintiff did not receive a response until July 25, 2018 and only after Plaintiff inquired as to the status of her grievance. The City's Department of Personnel Management decided to close Plaintiff complaint, based on a back dated memorandum provided by Davis, titled *Memorandum Routing*, that was alleged to have been received by all deputy chiefs prior to the filing of Plaintiff's grievance. The memorandum was provided by Davis to falsely imply that said memorandum was received by Plaintiff and the other male deputy chiefs prior to the filing of Plaintiff's grievance and to falsely imply Plaintiff was treated in the same manner as all the male deputy chiefs. A copy of the City's Grievance Policy is attached hereto as Exhibit "C." A copy of the City's response to Plaintiff grievance (received via email) and the memorandum provided by Davis is collectively attached hereto as Exhibit "D."

10. Plaintiff advised the Department of Personnel Management that the memorandum provided by Davis was not received by the deputy chiefs on June 20, 2018. Plaintiff and the other male deputy chiefs did not receive the memorandum until June 28, 2018, which was six (6) days after Plaintiff filed her grievance. The memorandum was forwarded from Davis' office via email. The email stated that this information had previously been sent via email to all deputy chiefs, but apparently was not received by all the deputy chiefs. Plaintiff asked that Davis' office forward the original email that was alleged to have been previously sent. Davis' office advised that the original email could not be found. A copy of the email exchange between Plaintiff and Davis' office is attached as Exhibit "E."

11. On Friday, July 13, 2018, Davis disabled Plaintiff's computer access to the City's network. Davis later had all Plaintiff's document removed and copied from the City computer that had been assigned to her. Although the male deputy chiefs' computers were also disabled,

3

the male deputy chiefs were given prior knowledge and they all consented to have their computers accessed. Plaintiff was not afforded prior knowledge, nor did she consent to access to her computer. The male deputy chiefs were later given immediate access to their computers and continued their assigned duties without interruption. Plaintiff did not immediately receive access to the City's network or computer and was forced to perform limited work on her personal laptop.

12. On this same day, Davis demoted Plaintiff and replaced her with a black male. However, the newly appointed black male did not receive all the duties that Plaintiff previously performed. Of the seven (7) divisions and various employees assigned to Plaintiff, the newly appointed black male deputy chief was only responsible for one division which consisted of one employee. The remainder of Plaintiff's divisions and duties were added to a female deputy chief's already existing duties.

13. After being demoted, Plaintiff was reassigned to the Patrol division. On Tuesday, July 24, 2018, Plaintiff was notified via email that she would not be allowed to exercise her seniority. To justify this position, Plaintiff was provided with a frivolous and outdated General Order that gave a white male employee seniority over Plaintiff. Plaintiff advised her superior of the valid General Order pertaining to seniority. However, Plaintiff was advised that the General Order previously referenced would be used to determine seniority. As a result, the white male employee was given seniority over the Plaintiff, which among other things, gave the white male employee the authority to have shift preference over Plaintiff.

14. Plaintiff was forced to resign a successful career with the City of Jackson's Police

4

Department, effective November 9, 2018. Since that time, all three (3) former male deputy chiefs have been promoted. One was promoted back to his previous title as Deputy Chief and the other currently holds the title of Assistant Chief of Police.

## SEX DISCRIMINATION

15. Plaintiff re-alleges and incorporates all averments set forth through all paragraphs above as though specifically set forth herein

16. Plaintiff contends that she was discriminated against with regards to the terms, conditions, and/or privileges of employment. Plaintiff was subject to disparate treatment.

17. Plaintiff was discriminated against with regard to the terms, conditions, and/or privileges of employment when considering differences in treatment between herself and similarly situated males under similar circumstances as outlined in the complaint.

18. As a direct and proximate result of Defendants' actions, Plaintiff suffered damages, including, but not limited to, compensatory damages, loss of reputation, humiliation, embarrassment, emotional pain and suffering, inconvenience, and mental anguish.

19. Plaintiff incorporates the information contained in the exhibits to this Complaint as though set forth and reserves the right to provide additional information in discovery.

## RETALIATION

20. Plaintiff re-alleges and incorporates all averments set forth through all paragraphs above as though specifically set forth herein.

21. Defendant City of Jackson, Mississippi has violated Title VII of the Civil Rights Act of 1964 and Defendants have violated the 14th Amendment through 42 U.S.C. 1983 by retaliating against Plaintiff for complaining about conduct in good faith believed to be discriminatory against Plaintiff.

22. As a direct and proximate result of Defendants' conduct towards Plaintiff. Plaintiff suffered damages, including, but not limited to, compensatory damages, loss of reputation, humiliation, embarrassment, emotional pain and suffering, inconvenience, and mental anguish.

23. Plaintiff incorporates the information contained in the exhibits to this Complaint as though set forth and reserves the right to provide additional information in discovery.

## RACE DISCRIMINATION

24. Plaintiff re-alleges and incorporates all averments set forth through all paragraphs above as though specifically set forth herein.

25. Plaintiff was discriminated against with regard to the terms, conditions, and/or privileges of employment. Plaintiff was subject to disparate treatment.

26. Plaintiff was discriminated against with regard to the terms, and/or conditions, and/or privileges of employment when considering differences in treatment between herself and other similarly situated non-African Americans when she was not allowed to exercise her seniority. Plaintiff incorporates any of the above paragraphs in this Complaint reasonably providing a basis for this claim.

27. As a direct and proximate result of Defendants' said race discrimination, Plaintiff suffered damages, including, but not limited to, compensatory damages, loss of reputation, humiliation, embarrassment, emotional pain and suffering, inconvenience, and mental anguish.

28. Plaintiff incorporates the information contained in the exhibits to this Complaint as though set forth and reserves the right to provide additional information in discovery.

## DAMAGES

29. As a consequence of the foregoing misconduct of the Defendants, Plaintiff sustained pain

and suffering, physical injury, mental distress, depression, insomnia, shock, fright, and humiliation.

30. As a consequence of the foregoing misconduct of the Defendants, Plaintiff has been damaged in an amount exceeding the jurisdictional requirements of this Court.

## RELIEF

31. Plaintiff requests that the Court issue the following relief:

    a. Enter declaratory relief declaring that the Defendants engaged in sex discrimination, race discrimination, and retaliation.

    b. Enter an Order enjoining the Defendants from engaging in sex discrimination, race discrimination, and retaliation.

    c. Award Plaintiff front pay, equitable back pay, economic damages for her lost pay and fringe benefits, together with compensatory and punitive damages; and

    d. Award Plaintiff attorney fees, costs and expenses of litigation

    e. Award Plaintiff such other relief to which Plaintiff may be entitled under law.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against the Defendants in an amount exceeding the jurisdictional requirements of this court, all together with the costs and disbursement action, including attorneys' fees, plus interest, and for any other relief which this court deems just and proper.

**RESPECTFULLY SUBMITTED** this the 8th day of February, 2021.

                                              Sandra Stasher (MSB#103755)
                                              P.O. Box 494
                                              Jackson, MS 39205
                                              (601) 260-4460 (telephone)