Sandra Stasher
P.O. Box 494
Jackson, MS 39205
601-260-4460

423-2019-01895

City of Jackson
200 South President Street
Jackson, MS 39201

December 17, 2018

To Equal Employment Opportunity Commission,

Please accept the following as my official complaint of Sex Discrimination, Sexual Harassment, Harassment, and Retaliation against the City of Jackson, Mississippi:

On June 22, 2018, I initiated an internal grievance against then Assistant Chief James Davis via the City of Jackson's Grievance procedure. (Please see attached). Pursuant to the grievance policy, the City of Jackson had five days to provide a response to my grievance. However, the City of Jackson did not provide a response until, July 25, 2018. (Please see attached). In that response, Deputy Director of City of Jackson Personnel, Toya Martin, stated that Interim Police Chief James Davis provided enough information to consider her investigation into my grievance, closed. Martin based her decision to close the investigation on a memo (titled "Memorandum routing") from Interim Chief James Davis dated June 20, 2018. However, that memo was forwarded to myself and the other former deputy chiefs on June 28, 2018, which was six days after the filing of my grievance. (Please see attached). Information regarding the back dated memo was provided to both Deputy Director Martin and Director of Personnel Wilma Scott. However, neither followed up on that information. (Please see attached email exchange in reference to the memo).

On Friday, July 13, 2018, then Interim Police Chief Davis, gave an order to have my computer access disabled. In doing so, a representative from the City of Jackson's Information Technology (IT) Department (Maxine Rayford) accessed my computer without my knowledge and/or permission. Three other individuals' computer access was also disabled. However, prior knowledge/consent was given/obtained by those individuals. Individuals outside of the IT Department were also given access to my computer and files. However, I was never granted access to recover those files.

On this same day, Friday, July 13, 2018, I was demoted by Interim Police Chief Davis. I was replaced by then Commander Vincent Grizzell. Deputy Chief Grizell is less qualified than I and he has not been required to fulfill the duties of a deputy chief. Deputy Chief Grizzell has only been given the title and pay of a deputy chief. Further, Deputy Chief Grizell has not left his previous security detail assignment with the Mayor's office. Of the duties that I was required to

perform, Deputy Chief Grizzell is only required to perform one of those duties. Deputy Chief Grizzell does not attend the meetings required of deputy chiefs, and he does not maintain an office in the Jackson Police Department Headquarters, as required of other deputy chiefs. (Please see attached organizational charts detailing my duties as a deputy-chief compared to the duties assigned to Deputy Chief Grizzell. The City of Jackson can provide you with the organizational chart detailing Deputy Chief Grizell's single duty).

On Tuesday, July 24, 2018, I received an email from Commander Keith Freeman stating that my seniority as a lieutenant would be determined by a frivolous General Order that was outdated and unsigned. Commander Freeman attempted to use that order to allow a male lieutenant (Lt. Allen White) to claim seniority over me. In doing so, Lt. White was given shift preference over me and was assigned a new patrol car.

Before receiving/reading the email, on that same date, I contacted Commander Freeman to inquire about my shift preference. Commander Freeman's response was that "they" instructed him that General Order 300.1-1, gave Lt. White seniority over me. I then referred Commander Freeman and "they" to General Order 300-1, Section B (the most current and valid General Order), which states as follows:

> After an officer has successfully completed all areas of the training curriculum, successfully graduated the training academy and has been sworn in, his/her seniority shall become effective immediately. Seniority for a promoted rank is determined by the date of promotion. The seniority for an experienced \worn officer begins on the date of hire. A civilian employee' seniority begins the first day the employee reports to duty.
> *Seniority for retirement purposes only begins as date of hire.

In Section F of that same order, it states as follows:

> If a conflict arises between officers of a promoted rank (i.e., sergeant, lieutenant, etc.) who have the same time in grade, seniority shall be determined by the officer's date of employment. When two or more employees have the same tenure, promotional date and/or date of employment, seniority shall be determined by alphabetical order of their legal surname at time of hire.

Commander Freeman stated that Section F, not Section B, would be used to determined seniority between Lt. White and I. However, Section F is only applicable if a conflict arises. Commander Freeman insisted that the conflict was the issue of seniority, itself. As such, Commander Freeman said that Section F determined that Lt. White had seniority over myself.

First, even if a true conflict existed, my time in grade as a Lieutenant was initiated in December of 2014 when I was promoted and served as Lieutenant over Major Investigations. Lieutenant White's time in grade as a Lieutenant did not commence until he was assigned as a lieutenant in the Patrol Division in January of 2018. As such, Lieutenant White and I do not have the same

time in grade and thus, date of employment can not be used to determine seniority. Secondly, as stated in Section F, because Lt. White and I have the same promotional date, seniority is to be determined by alphabetical order of our present legal surnames. Thus, my surname being Stasher, gives me seniority over Lt. White. However, I was not given the opportunity to exercise my shift preference, nor was I given the option of a new car assignment.

Sandra Stasher, Esq.

| EEOC Form 161 (11/16) | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | | |
|---|---|---|---|
| | **DISMISSAL AND NOTICE OF RIGHTS** | | |

| To: | Sandra Stasher<br>P. O. Box 494<br>Jackson, MS 39205 | From: | Jackson Area Office<br>Dr. A. H. McCoy Federal Building<br>100 West Capitol Street, Suite 338<br>Jackson, MS 39269 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 423-2019-01895 | Carlene W. Collins, Investigator | (769) 487-6911 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

Eszean McDuffey On behalf of the Commission
Digitally signed by Eszean McDuffey
Employment Opportunity Commission,
ou=Director - Jackson Area Office,
email=eszean.mcduffey@eeoc.gov, c=US
Date: 2020.11.19 14:58:55 -06'00'

11-19-2020

Enclosures(s)

Eszean S. McDuffey,
Director

*(Date Mailed)*

cc: Carrie Johnson
Sr. Deputy City Attorney
CITY OF JACKSON
P. O. Box 2779
Jackson, MS 39207