Exhibit B

## CITY OF JACKSON
## EMPLOYEE FORMAL GRIEVANCE REPORT FORM

TO: Patricia Smith-Iwell   DATE: 6/22/1?

FROM: Deputy Chief Sindra Hasher

A. Describe the specific incident(s) and date(s) related to your complaint or problem.

Please see attached.

B. Described the desired action which you feel would rectify your existing situation.

Please see attached

_____   6/22/1?
Employee Signature               Date

C   Supervisor's/Management's Response Resolution




_____   _____
Supervisor's / Management's Signature   Date

D   Employee Accepted  ☐

Employee Rejected  ☐
(State Reason for Rejection)


**INSTRUCTIONS:** Refer to "Grievance Procedures for all *Employees*" Section 12 In the Employee Handbook.

Attach additional sheet if more space is needed



# MEMORANDUM

To: Patricia Smith-Powell

From: Deputy Chief Sandra Stasher  *JS 6/22/18*

Date: June 22, 2018

Re: Grievance   Assistant Chief James Davis

Over the course of several months I have been subjected to harassment and discrimination by Assistant Chief James Davis. The harassment and discrimination has culminated to a hostile work environment.

Specifically, Assistant Chief Davis has refused to accept memos from my subordinates via their chain of command. (*Please see attached memo*). Assistant Chief Davis advised that any memo coming from my division should be authored by me. However, Assistant Chief Davis is not requiring the other, all male, deputy chiefs to do the same. In staff meeting on June 18, 2018, in front of other staff members, Assistant Chief Davis reiterated that memos from my office should come from me and not my subordinates. The following staff was present at this meeting:

Deputy Chief Joseph Wade
Deputy Chief Tyrone Buckley
Deputy Chief Marco Johnson
Commander Cheryl Daughter
District Commander Jessie Robinson
Sergeant Roderick Holmes

As you can see by the attached memos, memos have always been sent from my subordinates, as well as the subordinates of the other deputy chiefs, via the chain of command. Further, Assistant Chief Davis has, until recently, accepted and signed off on those memos from my division. Additionally, Chief Anthony Moore has also accepted and signed off of those memos. Assistant Chief Davis' explanation for not accepting my memos is that I was the deputy chief and the information should come from me and not my subordinates. Assistant Chief Davis further



explained that deputy chiefs were always responsible for generating memos and not subordinates. Assistant Chief Davis then stated that was the way that Chief Moore wanted the memos written.

As evident by the attached memos, Assistant Chief Davis has accepted numerous memos from me via my subordinates. He also has accepted and continues to accept said memos from my male counterparts. It is unfair that he requires me to produce an additional document that is not required of others. When pointing out to him that the requirement was redundant, he stated that I could copy and paste my subordinates' memo.

On June 20, 2018, at approximately 11:05 am, I received a phone call from Assistant Chief Davis' administrative assistant, Patricia Reid. Ms. Reid advised that Assistant Chief Davis wanted to see me in his office. Upon my arrival, Assistant Chief Davis returned four memos to me. One of the memos was returned because Assistant Chief Davis stated that I did not provide a finding. Assistant Chief Davis stated that the Internal Affairs Division (IAD) would not accept the memo because I did not state a violation. I explained to Assistant Chief Davis that, in my opinion, I did not have enough evidence to render a finding, and that my recommendation was to forward the information to IAD and that IAD rendered a finding. My recommendation was clearly stated in my memo. (Please see attached memo). However, Assistant Chief Davis refused to accept the memo.

Three other memos were returned because, although authored by me, Chief Anthony Moore's name was not included. I asked Assistant Chief Davis why it was appropriate for me to send a memo to Chief Moore via my chain of command but not appropriate for my subordinates to do so. Assistant Chief Davis explained that he did not have time to read through an entire packet that came to his office and that it was convenient for him to just read the cover memo from a deputy chief. I in turn explained to Assistant Chief Davis that it was imperative that he read the entire packet and not simply rely on a deputy chief's memo. Assistant Chief Davis then stated the following: *"Well so why do we need a response from you if Jaye Coleman is doing all that"*. Which is what I repeatedly stated and tried to explain to Assistant Chief Davis. It served no purpose for me to duplicate information from a commander when that information has been provided by the commander via the chain of command to the Chief of Police. As with all memos generated within the police department, memos are initialed by each person in the chain of command and forwarded to the Chief of Police.

Within hours of this meeting, I received an email from Ms. Patricia Reid stating that Assistant Chief Davis was requesting an updated Vehicle Inventory list, accounting for all vehicles



assigned to the police department, by Monday, June 25, 2018. (Please see attached email). Assistant Chief Davis is well aware that such deadline was likely not attainable.

During staff meeting on June 4, 2018, Deputy Chief Wade advised that both he and I had items on the City Council Agenda. Deputy Chief Wade advised that his commanders (Commander Stephen Wells and Commander Herman Horton) would be present at the council meeting to handle any questions or concerns as it related to his respective agenda items. I then informed Assistant Chief Davis that Commander Jaye Coleman would be available for my agenda item. Assistant Chief Davis stated that I was required to be there because I was the deputy chief over Support Services. However, Deputy Chief Wade, who is the deputy chief of Administration was not required to attend and has not since been required to attend.

Assistant Chief Davis has discriminated against me based on my sex and constantly harasses me. This has created a hostile work environment and is unacceptable. I will not be subjected to his constant, senseless, and unprovoked attacks.

Assistant Chief Davis is in violation of the following:

    **Rules and Regulations 2.2** which states, in part, that officers shall follow the ordinary and reasonable rules of good conduct and behavior and shall not commit any act in any official capacity tending to bring reproach, discredit or emb rrassment to their profession or the Jackson Police Department.

    **Rules and Regulations 2.4** which states, in part that officers shall respect the rights of individuals, and shall not engage in discrimination, oppression, or favoritism.

    **Rules and Regulations 2.13**, which states, in part, that officers shall know all departmental orders and rules, and the duties and procedures governing their specific assignments.

    **Employee Handbook, Section 2.3.1**, which states in part, that the City maintains a strict policy prohibiting unlawful harassment. This policy applies to all City employees, including supervisors and non-supervisory employees. Furthermore, it prohibits harassment in any form, including verbal physical and visual harassment.

    **Employee Handbook, Section 11.2.6**, which states that improper conduct includes, but is not limited to inefficiency, incompetence, carelessness, or negligence in performance of duties.



**Employee Handbook, Section 11.2.7**, which states that improper conduct includes, but is not limited to rude, discourteous, or offensive behavior or treatment of other employees or the public.

**Employee Handbook, Section 11.2.21**, which states that improper conduct includes, but is not limited to conduct unbecoming to employees of the City, either while on or off duty.

An investigation into this matter, to include statements from Deputy Chief Wade, Deputy Chief Buckley, Deputy Chief Johnson, and Commander Cheryl Daughtry, will reveal the veracity of my grievance. Corrective action on behalf of Assistant Chief Davis includes, but is not limited to him ceasing his inappropriate and unacceptable behavior towards me. Further, he should not be allowed to use Chief Anthony Moore's name to push his personal agenda. And I should not be required to perform tasks that are not required of other deputy chiefs. I no longer feel comfortable having one on one meetings with Assistant Chief Davis and request that a third person is always present during meetings with him. Ultimately, Chief Davis needs to be held accountable for his actions.