IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SANDRA STASHER                                                                                   PLAINTIFF

vs.                                                                     CIVIL NO.: 3:21-cv-099 HTW-LGI

CITY OF JACKSON, MISSISSIPPI; and
CHIEF JAMES DAVIS, Individually and
In His Official Capacity

## ORDER ON MOTION TO DISMISS CHIEF DAVIS IN HIS INDIVIDUAL CAPACITY

Before this court is the Motion to Dismiss [doc. no. 15] of Defendant Chief James Davis (hereafter "Davis") asking that this court dismiss him from this lawsuit in his individual capacity. Plaintiff Sandra Stasher (hereafter "Stasher" or "Plaintiff") opposes the motion.

This is a Complaint of discrimination based on race and sex, brought under Title VII of the Civil Rights Act[1] and 42 U.S.C. §1983.[2] Stasher, an African American female, is a former Deputy Chief of the Jackson, Mississippi, Police Department. She alleges that Defendant City of Jackson discriminated against her under Title VII by, *inter alia,* demoting her in retaliation for an internal complaint of discrimination, creating a hostile work environment, and constructively discharging her.

---

[1] Title VII of the Civil Rights Act is codified as 42 U.S.C. § 2000e et. seq. According to the United States Supreme Court in *Thompson v. North American Stainless, LP,* the dominant purpose of Title VII is to root out discrimination in employment. *Thompson v. North American Stainless, LP,* 562 U.S. a170, 178 (2011); accord *EEOC v. Shell Oil Co.*, 466 U.S. 54, 77 (1984).

[2] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. . . .
42 U.S.C. §1983.

More pertinent to the instant motion is Stasher's claim under §1983, that Chief Davis was personally and individually responsible for violating her constitutional rights under the Fourteenth Amendment[3] to the United States Constitution. Stasher alleges that over the course of several months, Davis subjected her to discrimination, retaliation, and harassment based on her sex, which resulted in a hostile work environment and culminated in her constructive discharge from her nearly 20-year employment with the City of Jackson Police Department.

Davis asserts that he is protected by the shield of qualified immunity and should be dismissed from this lawsuit in his individual capacity pursuant to Rule 12(b)(6)[4] of the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

The subject matter jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331,[5] as this case presents claims under federal laws and constitutional provisions, Title VII of the Civil

---

[3] The Fourteenth Amendment to the United States Constitution guarantees: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."
U.S. Const., Amend. XIV.

[4] Rule 12(b)(6) of the Federal Rules of Civil Procedure states in pertinent part:
(b) HOW TO PRESENT DEFENSES. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
…
(6) failure to state a claim upon which relief can be granted.. . .
Fed. R. Civ. P. 12(b)(6)

[5] § 1331. Federal Question
 The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.
28 U.S.C. §1331

Rights Act and 42 U.S.C. §1983. Venue is appropriate in this court, since the matters complained of arose within the Southern District of Mississippi.

STANDARD OF REVIEW

"A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint."  *Rose v. Tullos,* 994 So.2d 734, 737 (¶ 11) (Miss. 2008). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556).

"In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir.1999)). The motion should not be granted "unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim." *Scaggs v. GPCH–GP, Inc.,* 931 So.2d 1274, 275 (¶ 6) (Miss. 2006). *Weill v. Bailey*, 227 So. 3d 931, 934–35 (Miss. 2017).

FACTUAL BACKGROUND

Stasher, an African American, was one of four Deputy Chiefs in the City of Jackson Police Department, and the only female in that role at the time.  She alleges that, among other things, she was required to submit memoranda to the Office of the Police Chief in a manner that was not required of her male counterparts.  After Stasher complained about the discriminatory treatment by the filing of an internal grievance, she was demoted to Lieutenant, which resulted in an annual

3

reduction in pay of approximately $20,000.00. This demotion, Plaintiff says, was in retaliation for the grievance she had filed.

In her opposition brief, Plaintiff contends that during the investigation of her grievance, Davis presented a document which he had altered for the date. The altered date made it appear that the document had been created and disseminated before Stasher filed her internal grievance. In fact, according to Stasher, it was prepared after her grievance was filed. The document purported to require all Deputy Chiefs to submit the documentation to the Office of the Police Chief that Plaintiff says only she had been required to submit. Davis did not file a Reply brief, so this allegation has not yet been refuted.

Stasher also alleges that after her demotion, Davis instructed her immediate supervisor to deny her the right to exercise her seniority as it pertained to shift preference and receipt of a new patrol vehicle. She was denied this seniority benefit in favor of a white male, Stasher says. To justify his decision, Davis allegedly produced what Plaintiff refers to as an "obsolete General Order." Again, Davis did not file a reply brief and has not yet addressed this allegation.

Plaintiff contends that these and other actions by Chief Davis and the City of Jackson resulted in her constructive discharge.

## ANALYSIS

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Importantly, qualified immunity not only protects officials from liability, but from the burdens of the litigation process. *Anderson v. Creighton*, 483 U.S. 635, 649 (1987). Indeed, "[t]he basic thrust of the qualified-immunity doctrine is to free officials

from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1952 (2009) (citing *Siegert v. Gilley,* 500 U.S. 226, 236 (1991)). Thus, if a public official is to be shielded from liability, dismissal of that official should occur early in the proceeding. Once the defendant claims qualified immunity, the burden shifts to the plaintiff to rebut the defense. *Jenkins v. Town of Vardaman, Miss.*, 899 F. Supp. 2d 526, 531 (N.D. Miss. 2012) ("it is the plaintiff, rather than the defendant, who must do most of the 'heavy lifting' in the qualified immunity context").

This court must make two inquiries to decide whether an official is entitled to qualified immunity: (1)  whether the facts alleged by the plaintiff make out a violation of a constitutional right,  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Saucier v. Katz,* 533 U.S. 194, 201 (2009)); and (2)  whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Id.* Unless the public official's conduct violated a clearly established constitutional right, he is cloaked with qualified immunity. (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).  Even if the official's conduct violated a constitutional right, the official is still cloaked in qualified immunity if his or her conduct was objectively reasonable.  *Nerren v. Livingston Police Dept.,* 86 F.3d 469, 473 (5th Cir. 1996).

Stated differently, the doctrine of qualified immunity protects government officials from civil damages liability when their  actions could reasonably have been believed to be legal. *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011); *Crostley v. Lamar County Texas,* 717 F.3d 410, 422-24 (5th Cir. 2013) (Qualified immunity extends to public officials "to the extent their conduct is objectively reasonable in light of clearly established law.").

Davis has raised the specter of qualified immunity; thus the burden shifts to Plaintiff to rebut that defense.  *Pierce v. Smith,* 117 F.3d 866, 871–72 (5th Cir.1997)  (a § 1983 defendant

who "pleads qualified immunity and shows he is a governmental official whose position involves the exercise of discretion" places the burden on the plaintiff to "rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law."). See also, *Jenkins v. Town of Vardaman, Miss.,* 899 F. Supp. 2d 526, 531 (N.D. Miss. 2012) ("it is the plaintiff, rather than the defendant, who must do most of the 'heavy lifting' in the qualified immunity context").

In our current scenario, the first inquiry is satisfied. The facts as alleged by Plaintiff, if true, are violative of the United States Constitution. Sex discrimination and sexual harassment in public employment violate the Equal Protection Clause of the Fourteenth Amendment. *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 67, 106 S.Ct. 2399, 2405, 91 L.Ed.2d 49 (1986); *Davis v. Passman*, 442 U.S. 228, 234–35, 99 S.Ct. 2264, 2271, 60 L.Ed.2d 846 (1979); *Pontarelli v. Stone,* 930 F.2d 104, 114 (1st Cir.1991) (sexual harassment is a deprivation of equal protection).

Davis argues that Stasher was not a civil service employee, but served at the will and pleasure of the Police Chief. Therefore, he opines, her termination did not rise to the level of a constitutional violation. Even though Stasher was not in a position protected by a Civil Service system, she still had a clearly established constitutional and statutory right to be free from discrimination based on sex or race. *See Southard v. Texas Bd of Criminal Justice, ,* 114 F.3d 539, 550 (5th Cir 1997); 550; *Piatt v. City of Austin,* 378 F. App'x 466, 469 (5th Cir.2010); *Gierlinger v. New York State Police,* 15 F.3d 32, 34 (2d Cir.1994). Defendants' argument on this point is unavailing.

This court must next examine Defendant Davis' conduct, as alleged in the complaint, for objective legal reasonableness. See *McClendon v. City of Columbia,* 305 F.3d 314, 323 (5th Cir.2002). This is the second phase of our inquiry. Chief Davis' alleged decisions regarding

Plaintiff's demotion and/or loss of seniority could not be viewed as objectively reasonable. As stated in *King v. Lawrence County Board of Education,* intentional racial [or gender] discrimination is never objectively reasonable. *Id.,* No 2:12-cv-68 KS-MTP, 2013 WL 319286, at *4 (citing *Piatt v. City of Austin*, 37 Fed. Appx. 466, 469 (5th Cir. 2010); *Blackwell v. Laque,* 275 Fed Appx. 363, 367-68 (5th Cir. 2008). An "individual accused of failing to promote plaintiff due to her gender was not entitled to qualified immunity." *Stark v. Univ. of Southern Miss.,* 8 F. Supp. 3d 825, 836 (S.D. Miss. 2014).

In the instant case, as in *King v. Lawrence County Board of Education,* supra, "Plaintiff's allegations - if true - are sufficient to indicate that Defendant's actions were not objectively reasonable." Davis would have known that discriminating against Plaintiff because of her gender was in violation of law, and he could not have believed such actions to be objectively reasonable. Further, even if Davis had been unaware that the initial conduct was unreasonable and unlawful, the grievance filed by Stasher would have put him on notice. Instead, according to Plaintiff, Davis then engaged in additional acts of discrimination and retaliation. Accepting Plaintiff's averments as true, for purposes of this motion, her claim meets the standard needed to overcome Davis' qualified immunity defense. This court is unwilling to dismiss Defendant Davis in his individual capacity at this stage of this litigation.

For all the reasons stated, the motion of the Defendant James E. Davis **[doc. no. 15]** to dismiss him from this lawsuit in his individual capacity, is hereby **denied.**

SO ORDERED AND ADJUDGED, this the 13th day of September, 2022.

                                          s/HENRY T, WINGATE
                                          UNITED STATES DISTRICT JUDGE